UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| ROGER COMBS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 04-374-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| KNOTT COUNTY FISCAL COURT; | ) | |
| DONNIE NEWSOME individually and in | ) | |
| his official capacity as Knott County Judge | ) | |
| Executive; and MACARTHUR COMBS, | ) | **MEMORANDUM OPINION** |
| individually and in his official capacity as | ) | **AND ORDER** |
| Knott County Deputy Judge Executive, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

The Plaintiff, Roger Combs, filed this action on October 27, 2004, asserting that he had been wrongfully terminated from his position as "liaison" to the Knott County's power plant in retaliation for his complaining about the County Judge/Executive's handling of the bidding process in the county. Count I of his Complaint asserts a violation of 42 U.S.C. § 1983. In Count II, Combs asserts a claim of intentional infliction of emotional distress under Kentucky law.

The matter is currently pending for consideration of Defendants' Motion for Summary Judgment. [Record No. 21] Because the Court concludes that the Knott County Fiscal Court lacked the legal authority to hire Roger Combs to the position he sought, the Defendants' motion will be granted.

-1-

## I.     BACKGROUND

On September 2, 2003, then-Judge/Executive Donnie Newsome presented a resolution to the Knott County Fiscal Court recommending that Debbie Newsome be named to the position of "power plant liaison", pending funding of the position by EnviroPower.  This resolution was rejected by a majority of the Fiscal Court.  Thereafter, Newsome was convicted in this Court for unrelated criminal actions and sentenced to term of imprisonment. MacArthur Combs, who previously held the position of Deputy Judge/Executive, was named Acting Judge/Executive.

On December 17, 2003, Magistrate Keith Combs, a member of the Fiscal Court, nominated his brother, Roger Combs, to the position of "power plant liaison".  The motion was passed by a 3-1 vote.  After the meeting, Keith Combs informed his brother he had been "hired by the Fiscal Court".  Following this meeting, Randy Slone, the County Attorney and political ally of the Donnie Newsome, was asked by Acting Judge/Executive Combs whether the Fiscal Court has the authority to hire Roger Combs unilaterally.  Slone replied that he did not believe such a position had been created, nor did the Fiscal Court have the authority to hire Roger Combs.  Further correspondence with the Kentucky Department of Local Governments and an unofficial opinion of the Office of the Attorney General confirmed his opinion.  Subsequently, at the April 2004 meeting of the Fiscal Court, the magistrates voted to fund the position of "power plant liaison".

## II.     LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

"Once a moving party has met its burden, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.' " *Keeneland Ass'n, Inc. v. Earnes*, 830 F.Supp. 974, 984 (E.D.Ky. 1993), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002).

Once the movant has satisfied this burden, the non-movant must go beyond the assertions made in the pleadings and come forward with specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, at 324. However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact. *In re Morris*, 260 F.3d 654 (6th Cir. 2002). Rather, the nonmoving party has an affirmative

obligation to direct the court's attention to those specific portions of the record upon which it seeks to rely to create genuine issues of material fact. *Id.*

In making this determination, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. However, "if, under the governing law, the outcome would be the same regardless of how a factual dispute is resolved, the dispute is no bar to summary judgment." *Pharakhone v. Nissan N. Am., Inc.*, 324 F.3d 405, 407 (6th Cir. 2003).

### III.   ANALYSIS

The central dispute in the present case concerns whether Roger Combs was ever legally hired for the position of "power plant liaison". This determination requires an examination of the authority of the Knott County Judge/Executive and the Knott County Fiscal Court in the realm of personnel hiring, retention and termination. Because Kentucky law vests sole authority (with certain limited exceptions not implicated in this case) with the Judge/Executive, the Fiscal Court lacked the authority to hire Roger Combs for the position of "power plant liaison". As a result, Roger Combs was never legally hired to the position of "power plant liaison". Therefore, regardless of any factual dispute that might otherwise preclude summary judgment, he has failed to state a claim upon which relief can be granted.

Under Kentucky law, the County Judge/Executive is solely vested with the authority to "make appointments to or remove members from all boards, commissions, and designated administrative positions". *Fiscal Court Comm'rs v. Jefferson County Judge/Executive*, 614 S.W.2d 954, 959 (Ky. Ct. App. 1981). While these appointments may sometimes be subject to

approval, the law is clear that only the County Judge/Executive may exercise the power of appointment.[1]

Similarly, in a case which involved a question of authority to terminate employment, the Kentucky Supreme Court held:

> The [county judge-executive's] responsibilities shall include . . . exercise with the approval of the fiscal court the authority to appoint, supervise, suspend, and remove county personnel (unless otherwise provided by state law) . . . [pursuant to KRS 67.710(7)]. This statute creates a discretionary power that the fiscal court cannot delegate "to an agent or committee."

*Friedman v. Armstrong*, 59 S.W.3d 875, 877 (Ky. 2001) (*citing Calvert v. Allen County Fiscal Court*, 67 S.W.2d 701, 703 (Ky. 1934)). Therefore, under Kentucky law, the County Fiscal Court has no authority to hire county personnel, nor may they delegate themselves or anyone else such authority. Absent a change in state law, the Knott County Fiscal Court could not hire any personnel except those positions explicitly listed in KRS § 67.080.[2]

KRS § 67.080 provides that "The fiscal court may . . . establish all appointive offices, set the duties of those offices, and approve all appointments to those offices." As noted above, while the Fiscal Court may not exercise, nor delegate, the power of appointment, they may choose to forgo the "right of consent" by adopting county ordinances which allow the Judge/Executive to appoint personnel without Fiscal Court approval. *Jefferson County*

---

[1]    See discussion of KRS 67.080, infra, for situations where Fiscal Court approval may be required or may independently hire personnel.

[2]    KRS § 67.080(1)(b) provides that the "fiscal court may appoint one (1) or more commissioners to sell or buy real estate under this subsection." Subsection (1)(d) allows the fiscal court to "employ a competent person to keep such accounts and records". Otherwise, the fiscal court "shall not exercise executive authority except as specifically assigned by statute." KRS § 67.080(3).

*Judge/Executive*, 614 S.W.2d at 955. (The requirement of fiscal court approval must be designated as such in the county administrative code or the county charter.)

The evidence suggests that the position of "power plant liaison" was created in September 2003 (not 2001). And based on the resolution which passed the fiscal court, it was an unfunded position. It was not until April 2004 that the Fiscal Court funded this position. Combs disputes some of these facts. However, the Court need not settle these underlying factual questions. Regardless of whether (and when) the position was ever created or funded, the Fiscal Court lacked the authority to appoint anyone to this position. Its role in hiring is limited to approving or denying the appointment by the Judge/Executive.

As a result, Roger Combs cannot sustain a federal claim under §1983 or a claim under Kentucky law for intentional inflection of emotional distress. Because Combs he was never hired nor discriminated against (*via* retaliation) as part of a formal hiring process, he was not the subject of an adverse employment decision. Simply put, it is not "outrageous" or a violation of § 1983 to refuse to allow someone who was never properly hired to report to work.

Likewise, Combs cannot claim reliance on the improper/illegal hiring of other personnel by the Knott County Fiscal Court. The evidence is clear that not only did the County Judge/Executive (neither Donnie Newsome nor MacArthur Combs) not recommend Roger Combs to the position of "power plant liaison", they were actively opposed to his employment. While this opposition may have been in retaliation for Roger Combs' previous lawsuit, that does not alter the hiring dynamic. Had Combs been discriminated against in a formal hiring process

-6-

because of his previous lawsuit, his claims of retaliation might proceed.  But refusal to recommend appointment to a position that may or may not have existed is a different situation.

Ultimately, Roger Combs' situation may result in an investigation into the potentially illegal employment of other county personnel hired without initial recommendation of the Judge/Executive.  Nevertheless, previous improper hires cannot support the Plaintiff's claim to the position of "power plant liaison".  Absent the following of proper procedure, including recommendation by the Judge/Executive, followed by confirmation of the Fiscal Court, no one holds the position of "power plant liaison".  As such, Roger Combs cannot sustain either his §1983 claim or his claim of intentional infliction of emotional distress.

## IV.    CONCLUSION

For the reasons discussed in the body of this opinion, it is hereby **ORDERED** that the Defendants' Motion for Summary Judgment is **GRANTED**.  [Record No. 21] The claims asserted in this action are **DISMISSED**, with prejudice, and this case is **STRICKEN** from the Court's docket.  The trial date previously scheduled in this matter is **SET ASIDE** and the parties are relieved of any further filings in this action.

This 21st day of November, 2005.



**Signed By:**

*Danny C. Reeves*

**United States District Judge**